UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS F. TODD,

                Petitioner,

vs.                                Case No.  2:08-cv-465-FtM-29SPC

SECRETARY, DOC,

                Respondent.
_____

## ORDER OF DISMISSAL WITH PREJUDICE

### I. Background

The Clerk opened this action on June 5, 2008, upon receipt of a correspondence to the Court from Petitioner Thomas F. Todd ("Petitioner" or "Todd") requesting a § 2254 form to challenge his state conviction proceeding. See Doc. #1.  After being provided with the requested form, Petitioner filed a *pro se* petition pursuant to 28 U.S.C. § 2254 (Doc. #8, Petition) on July 2, 2008.[1]

---

[1] The Petition (Doc. #8), incorrectly docketed as an "amended petition," was filed in this Court on July 9, 2008, but the Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. Id.  If applicable, the Court  also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d). Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by
(continued...)

Pursuant to the Court's Order to respond and show cause why the Amended Petition should not be granted (Doc. #15), and after being afforded an extension of time, Respondent filed a response on January 16, 2009, seeking dismissal of the Amended Petition on the grounds that the Petition is untimely pursuant to 28 U.S.C. § 2244(d).[2] See Respondent's Response to Petition for Writ of Habeas

---

[1](...continued)
the Court on that particular date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

[2]On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been

(continued...)

Corpus (Doc. #25, Response) at 1. Respondent submits exhibits in support of the Response. See Appendices to Respondent's Exhibits 1-18 and 17(a) (Docs. ##29-30). On March 2, 2009, Petitioner filed a Reply to Respondent's Response (Doc. #33, Reply), along with exhibits (Petitioner's Exhibits A-J). Petitioner does not contest the untimeliness of his Petition, but submits that he is actually innocent as demonstrated by newly discovered evidence. Reply at 1. On November 17, 2010, the Court directed Respondent to address Petitioners' actual innocence and newly discovered evidence claim (Doc. #35). After being granted several extensions of time, Respondent filed a Supplemental Response on April 11, 2011 (Doc. #47, Supplemental Response). This matter is ripe for review.

**II.  Discussion**

**A.  § 2244(d)(1) Limitations Period**

The following facts and procedural history, which are uncontested, see Reply at 3, demonstrate that the instant Petition was filed in excess of the one-year federal limitations period and is time-barred under 28 U.S.C. 2244(d). Petitioner's conviction,

---

[2](...continued)
    discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

after a jury trial, for manslaughter³ entered by the Twentieth Circuit Court, Lee County, Florida (case number 01-CF-2354) for which he was sentenced to 15 years imprisonment, was *per curiam* affirmed on direct appeal on September 5, 2003. Todd v. State, 860 So. 2d 423 (Fla. 2d DCA 2003); Resp. Exh. 4. Thus, Todd's state conviction became final on Thursday, **December 4, 2003.** See 28 U.S.C. § 2244(d)(1)(A) and Rule 13.3 of the United States Supreme Court.⁴  See also Bond v. Moore, 309 F.3d 770, 773-74 (11th Cir. 2002)(explaining the one-year statute of limitations for a Florida petitioner runs when the time for filing petition for certiorari from State high court's denial of discretionary review has expired).

Here, **262** days of the federal limitations period elapsed before Todd filed his first state post-conviction motion tolling the federal limitations period - - a motion pursuant to Florida

---

³Petitioner was charged by Information with the following:

> On or about June 28, 2001 in Lee County Florida, did unlawfully, by Thomas Francis Todd's act, procurement, or culpable negligence, kill Robert Gayhart, a human being, by stabbing said victim in the back with a knife, contrary to Florida State 782.07(1).

Exh.1, Vol. I. at 2.

⁴ A conviction is deemed final upon "the conclusion of direct review or the expiration of the time for seeking such review." 20 U.S.C. § 2244(d)(1)(A). For purposes of direct review, Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

Rule of Criminal Procedure 3.850, delivered to correctional officials for mailing on **August 23, 2004**. Resp. Exh. 6.  The post-conviction trial court, after conducting an evidentiary hearing, (Resp. Exh. 8, Vol. II) entered a final order denying the Rule 3.850 motion on July 27, 2007.  Resp. Exh. 7.  On November 30, 2007, the State appellate court *per curiam* affirmed, (Todd v. State, 969 So. 2d 381 (Fla. 2d DCA 2007); Resp. Exh. 14) and mandate issued on December 21, 2007, restarting the federal one-year clock. Resp. Exh. 15.  See Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000)(recognizing that state collateral attack remains pending until appellate court issues mandate).

Todd permitted another **193** days to elapse before he filed the instant Petition on July 2, 2008.  Thus, a total of 455 days ran on the federal limitations clock, resulting in the Petition being untimely under 28 U.S.C. § 2244(d).[5]

---

[5]The Court finds that the Petition in this action was filed on on July 2, 2008, and does not deem Petitioner's June 5, 2008 correspondence as an application for habeas relief. Woodford v. Garceau, 538 U.S. 202, 207 (2003)(stating for purposes of 28 U.S.C. § 2254, an application for habeas relief is a filing that seeks "an adjudication on the merits of the petitioner's claims."); Lookingbill v. Cockrell, 293 F.3d 256, 263 (5th Cir. 2002) ("finding [a] habeas petition is pending only after a petition for a writ of habeas corpus itself is filed.  Thus, the filing of the federal habeas petition-not of a motion for appointment of counsel-tolls limitations.") (internal quotation marks, citation and footnote omitted), cert. denied, 537 U.S. 1116 (2003); see also Isaacs v. Head, 300 F.3d 1232, 1245 (11th Cir. 2002)(rejecting argument that habeas case under section 2254 is deemed pending when application for appointment of counsel is filed).  Nonetheless, even if the Court afforded Petitioner the benefit of the June 5,
(continued...)

### B.     Equitable Tolling

Although not the model of clarity, in addition to arguing that he is actually innocent, Petitioner claims that he is entitled to equitable tolling. Reply at 7. The Supreme Court recognizes that AEDPA's statutory limitations period set forth in section 2244 is not a jurisdictional bar and equitable tolling may be appropriate in certain cases. Holland v. Florida, 560 U.S. ___, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must demonstrate that: (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Id. at 2562 (internal quotations and citations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence." Id. at 2565. Further, to demonstrate the "extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d. 1257, 1267 (11th Cir. 2011).

Here, Petitioner states that in order for an inmate to obtain access to the prison's law library the inmate is required to demonstrate that he is under a court imposed deadline. Reply at 7. In support, Petitioner attaches copies of the inmate request forms

---

⁵(...continued)
2008 filing date, the Petition would still be untimely.

requesting the use of the prison's law library that were submitted by other inmates on various dates between July 30, 2005 and July 16, 2008. See Doc. #33-4 at 1-8. Significantly, Petitioner does not submit any request forms showing he requested access to the prison law library. Id. Nor does Petitioner allege that he personally sought access to the law library and was denied access to the law library, or otherwise attempted to file his federal habeas any time prior to the time he requested the habeas form from the Court. See generally Reply. Consequently, the Court finds no circumstances that warrant the application of the equitably tolling in this matter.

    **C.**    **Actual Innocence**

In the alternative, Petitioner claims that he is "actually innocent" and that based on "newly discovered evidence" a "fundamental miscarriage of justice" has occurred. Reply at 1. In support, Petitioner submits his own affidavit in which he identifies the names of witnesses who Petitioner claims would have offered testimony that Plaintiff acted in "self-defense," Petitioner "did not use deadly force and [the] victim was alive after [the] Petitioner left [the] victim's residence," and "at the time of the murder [the] Petitioner was in fact in the company of numerous others [sic] persons(s) at another residence." Doc. #33-2 at 5. In support, Petitioner attaches: the sworn taped statement of David Clyde Mohr from the Lee County Sheriff's Office (Pl. Exh.

A); sworn taped statement of Robert Needom from the Lee County Sheriff's Office (Pl. Exhs. B, C, D, and E); excerpts of Plaintiff's testimony from his Rule 3.850 evidentiary hearing (Pl. Exhs. F and G); and, excerpts of trial counsel's testimony from Petitioner's Rule 3.850 evidentiary hearing (Pl. Exhs. H, I and J).

A claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Further, petitioner must demonstrate "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 327. A claim of "actual innocence means factual innocence, not mere legal insufficiency." Bousley v. U.S., 523 U.S. 614, 623 (1998).

The Court finds that Petitioner's actual innocence claim lacks merit. Petitioner does not offer new evidence, but instead is attempting to assert a new ineffective assistance of counsel claim under the guise of actual innocence. Indeed, during the evidentiary hearing on Petitioner's Rule 3.850 motion, Petitioner introduced Mr. Needom's sworn statement made to police as evidence of trial counsel's ineffectiveness and alleged counsel was ineffective for failing to depose Mr. Needom, as well as Stephanie Jones, Roy Baker, and a person named "Dave." Exh. 8, Vol. II at

-8-

9-14, 26. The statements by these witnesses were made available to the defense during discovery. Id. at 38. Defense counsel did not deem the statements helpful to his client because the statements were "just simply self-serving statements to a third party by, apparently, [counsel's] former client." Id. at 40. Thus, the evidence is not "new" as it existed before trial and was known to defense counsel as the statements were in defense counsel's discovery materials. Further, the evidence also was known by Petitioner because the statements by Misters Mohr and Needom were not based on first-hand knowledge, but instead merely recited the version of the events that led up to the stabbing as told to the witnesses by Petitioner.

Further, Petitioner does not demonstrate that it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt with in light of this evidence. Petitioner does not deny stabbing the victim. Instead, Petitioner contends that the stabbing was done in self-defense, and testified at trial to this version of the events - - that he and the victim struggled, the victim was lying on top of Petitioner and beating him, and Petitioner reached from underneath the victim to stab the victim to get him off of Petitioner. Exh. I, Vol. III at 143-151. Notably, the coroner testified that there were three stab wounds into the victim's back, and the angle of the entry of the fatal stab wound (lettered C) which was "a straight in angle of

penetration," would not be consistent with Petitioner's version of the event. Id. at 74-85. Further, the victim's neighbor testified that she saw Petitioner and the victim arguing, heard the victim tell the Petitioner to leave his property, and heard the victim state to the Petitioner "you're gonna pull a knife on me." Id. at 34-35. Further, the testimony at trial demonstrated that the victim did not die at the scene, but soon thereafter succumbed to his injuries. Id. at 18, 29-30, 39-41, 71-77. Thus, upon review of Petitioner's newly submitted evidence and the evidence presented at trial, the Court finds Petitioner has failed to make a sufficient showing of actual innocence.

Based upon the foregoing, the Court finds Petitioner has not demonstrated a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED and ADJUDGED:**

1.  The Petition (Doc. #8) is **DISMISSED** with prejudice as untimely.

2.  The Clerk of the Court shall enter judgment dismissing this case with prejudice and close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, ___ U.S. ___, 129 Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this __1st__ day of August, 2011.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record